Matter of Bianca L.C. v Alan H.D. (2023 NY Slip Op 04712)

Matter of Bianca L.C. v Alan H.D.

2023 NY Slip Op 04712

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Moulton, Kennedy, Scarpulla, Higgitt, JJ. 

Docket No. O-10772/20 Appeal No. 609 Case No. 2022-02365 

[*1]In the Matter of Bianca L.C., Petitioner-Respondent,
v
Alan H.D., Respondent-Appellant.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for respondent.

Order, Family Court, Bronx County (Michael A. Frishman, J.), entered on or about April 7, 2022, which, upon a fact-finding determination that respondent husband, committed a family offense of harassment in the second degree, granted a one-year order of protection in favor of petitioner, unanimously affirmed, without costs.
A fair preponderance of the evidence supports the Family Court's determination that respondent committed the family offense of harassment in the second degree, warranting the issuance of an order of protection against him (Family Ct Act § 832; Penal Law § 240.26[3]; see Matter of Rosa G. v Hipolito D., 215 AD3d 571 [1st Dept 2023]). Although the Family Court did not specify which facts supported that finding, remand is not required because the record is sufficiently complete to allow this Court to make an independent review and draw its own conclusions (see Matter of Dayonna W. v Jhon S., 201 AD3d 539, 540 [1st Dept 2022]; Matter of Allen v Black, 275 AD2d 207, 209 [1st Dept 2000]).
Based on that independent review and accepting Family Court's credibility determinations, the fact-finding testimony demonstrates that respondent twice reported to Administration for Children's Services that petitioner was abusing one of the children, and on one occasion, he summoned an ambulance and told paramedics that petitioner required a psychiatric evaluation because she was threatening to poison his food and commit suicide. The testimony and hospital records in evidence also demonstrate that all of respondent's allegations against petitioner were determined after investigation to be unfounded. This evidence establishes that he engaged in a course of conduct or repeatedly committed acts which alarmed or seriously annoyed petitioner and served no legitimate purpose (see Matter of Doris M. v Yarenis P., 161 AD3d 502, 502-503 [1st Dept 2018]; Matter of Edward B. v Elizabeth T., 156 AD3d 423, 424 [1st Dept 2017]). Furthermore, petitioner testified that she was scared, upset, and needed mental health therapy because of respondent's actions and the court properly inferred from those actions and the surrounding circumstances that he intended to cause these effects (see Matter of Giovanni De M. v Nick W., 200 AD3d 517, 518 [1st Dept 2021]).
The record supports Family Court's determination that a one-year order of protection is warranted. The court's credibility determinations, made in connection with this determination, should be accorded deference, and we find no basis to disturb them (see Matter of Lisa S. v William V., 95 AD3d 666 [1st Dept 2012]). The issuance of the order of protection was appropriate because it will likely be helpful in eradicating the
root of the family disturbance and protect petitioner (see Matter of Sabrina T. v Cleveland T., 129 AD3d 613 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023